STATE FARM FIRE & CASUALTY
CO., Plaintiff-Appellant,

v.

Stephen D. MOXLEY, d/b/a Steve's
Roofing, Defendant-Respondent.

No. 49434.

Missouri Court of Appeals,
Eastern District,
Division One.

July 9, 1985.

Richard R. Kordenbrock, Clayton, for plaintiff-appellant.

Earl R. Blackwell, Hillsboro, for defendant-respondent.

KAROHL, Judge.

Plaintiff appeals the trial court's dismissal of its subrogation claim for property damages on the basis that it had been previously determined by a final judgment rendered by an associate circuit judge acting on assignment as a circuit judge. This judgment was not appealed to this court but was followed by plaintiff's timely application for a trial de novo. The application was granted.

The plaintiff-appellant, State Farm Fire and Casualty Company sued Stephen D. Moxley, d/b/a Steve's Roofing on January 20, 1982 for alleged damages resulting from defendant's negligence in repairing the roof of a home insured by plaintiff. Plaintiff was subrogated to the rights of the homeowners. Defendant denied the allegations and thereafter requested a jury trial. The case was certified to the circuit court and the presiding circuit judge assigned it to the Associate Circuit Judge Stanley Schnaare. § 517.520.2 RSMo 1978. The case was set for jury trial on June 1, 1982.

On May 17, 1982 a pre-trial conference was held at which time the parties agreed to try the case jury waived. Defendant withdrew his request for a jury trial. The parties stipulated that the case would be tried as an associate circuit court case and both parties reserved the right to appeal the judgment rendered by requesting a trial de novo pursuant to the statutes governing associate circuit court cases. Judge Schnaare then remanded the cause to the associate circuit court. The case was tried before Judge Schnaare on June 23, 1982 and judgment was ordered in favor of defendant. Plaintiff filed a request for a trial de novo on July 2, 1982. The case was subsequently re-assigned to an associate circuit judge for trial de novo.

On May 18, 1984 the Supreme Court of Missouri appointed Associate Circuit Judge Joseph R. Aubuchon to hear the trial de novo. In a letter dated October 16, 1984 Judge Aubuchon communicated to the parties his intention to dismiss the proceedings because he believed the judgment entered by Judge Schnaare was a circuit court judgment. It was his view that a case once certified under § 517.520.2 RSMo 1978 is "always certified." He concluded that the de novo application was a nullity.

Plaintiff filed a motion to set aside the judgment on November 7, 1984. The motion alleges the following:

3. The presiding judge of the Circuit Court of Jefferson County assigned this case to Judge Schnaare for jury trial, but at a pretrial conference on May 17, 1982 the parties by and through their attorneys agreed to try the case without a jury before Judge Schnaare sitting as an Associate Circuit Court Judge, and defendant's attorney withdrew his request for a jury trial on that date.

4. Prior to trial commencing on June 23, 1982 the parties stipulated that the case was to be tried as an Associate Circuit Court case before Judge Schnaare, and that both parties reserved the right to appeal any judgment rendered by Judge Schnaare by requesting a trial de novo pursuant to the statutes governing Asso-

ciate Circuit Court cases. Judge Schnaare then remanded the case back to himself, heard the case as an Associate Circuit Judge, and entered a judgment for defendant; said trial was not recorded in any manner, as was consistent with the intent of the parties and Judge Schnaare that the trial was being conducted pursuant to Chapter 517 of the Revised Statutes of Missouri.

.        .        .        .        .

6. It has now come to the attention of the parties that Judge Schnaare did not possess the authority to remand the case back to himself, in effect decertifying the case; therefore Judge Schnaare did not have jurisdiction to hear the case as an Associate Circuit Court Judge and to enter judgment as an Associate Circuit Court Judge on June 23, 1982 pursuant to Chapter 517 of the Revised Statutes of Missouri; therefore said judgment is null and void and should be set aside.

Even if Judge Schnaare did not have jurisdiction to act as an associate circuit judge he had jurisdiction, in the sense of authority to act, to proceed as a circuit court judge on assignment. In that posture, Judge Schnaare received the waiver of a request for jury trial which withdrew the reason for certification. This event followed the assignment of the case back to Judge Schnaare by the presiding judge of the circuit. Judge Schnaare then acted with the consent of the parties to remand the case to himself to be heard as a Chapter 517 associate case. We find no authority for or prohibiting this order. It may have been better form to have secured an order of the presiding judge to the same effect. The issue is whether this step was a jurisdictional prerequisite. Under the circumstances of the consent of the parties we conclude that it was not. Defendant-respondent has not filed a brief and our research discloses no contrary authority. Accordingly, we conclude that the judgment of June 23, 1982 was an associate circuit court judgment subject to a requested trial de novo and reverse and remand for trial on that basis.

There is an alternative route by which we could reach the same result. The June 23, 1982 judgment was irregular on the record because if construed as a circuit court judgment it was entered by Judge Schnaare as an associate circuit judge. The written agreement of the parties within the record discloses an irregularity which the trial court could have considered under § 511.250 RSMo 1978 and its counterpart Rule 74.32. Plaintiff's motion to set aside judgment was not specifically on those grounds but could have been presented and considered on that basis with the same result which we reach.

We reverse and remand for trial de novo.

PUDLOWSKI, P.J., and CARL R. GAERTNER, J., concur.